**PEPSI COLA BOTTLING CO., INC. OF INDIANAPOLIS, Defendant-Appellant,**

v.

**Steven POLK, Plaintiff-Appellee.**

**No. 2–180A17.**

Court of Appeals of Indiana,
First District.

Aug. 18, 1981.
Rehearing Denied Sept. 25, 1981.

Ivan D. Floyd, Joseph M. Dietz, Rocap, Rocap, Reese & Young, Indianapolis, for defendant-appellant.

Samuel L. Jacobs, Richard J. Dick, Robin L. Babbitt, Eskenazi, Mitchell, Yosha & Hurst, Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant Pepsi Cola Bottling Co., Inc. of Indianapolis (Pepsi) appeals from a new trial order limited to the issue of damages entered in the Marion Superior Court setting aside a jury verdict and judgment in the amount of $15,000 in favor of plaintiff-appellee Steven Polk (Polk).

We affirm.

## STATEMENT OF THE FACTS

The record discloses that on September 2, 1976, Polk, while motorcycling south on North Parker Avenue, Indianapolis, Indiana, approached and stopped at the intersection of East 10th Street, a heavily trafficked four-lane artery. In an effort to better view the east-to-west moving traffic on East 10th Street, Polk moved forward to the edge of the intersection so that his motorcycle was in line with the parked vehicles along the north side of East 10th Street. The vehicle parked to Polk's immediate right was Pepsi's delivery truck (truck). The rear of it protruded several feet beyond the curb toward Polk. From his present position as he waited for the East 10th Street traffic to subside, the truck was parked no more than a few feet to his right. Without being aware that it had started to back up, Polk felt the rear of the truck press into him. The truck pinned his right leg against the motorcycle making it impossible for Polk to move out of the way. As the truck continued to back up, Polk screamed and pounded on its rear panel, but to no avail. Two gas station attendants from across the street succeeded in gaining the driver's attention by motioning him to pull forward, which he did. Nevertheless, Polk's left ankle was severely crushed beneath the motorcycle. As a result of his injury, metal screws were surgically inserted to repair his ankle. Polk's surgeon, Dr. Schneider, testified that the ankle would never be normal again and Polk would experience permanent pain. Dr. Schneider also testified that it was likely traumatic arthritis would develop due to the severity of the injury to Polk's ankle.

Following surgery and returning to his job at Chrysler, Polk continued to experience persistent pain and swelling of the ankle. He had missed 27 weeks of regular work at Chrysler; in addition, Polk testified that due to pain and swelling in his ankle he was unable to perform overtime work. Polk testified that his loss of wages, not including overtime pay, amounted to $10,-000. His medical expenses amounted to approximately $2,500.

In his complaint, Polk had sought $275,-000 in damages. The jury returned a verdict in his favor for $15,000. Thereafter, Pepsi filed its motion for entry of the judgment upon the verdict, and the trial court so entered its judgment. Polk filed a motion to correct errors citing the jury verdict as to damages as inadequate and against the weight of the evidence. The trial court ruled in favor of Polk's motion finding the jury verdict "not in accordance with the evidence ... and impractical and unfair ... improper as not consistent with the uncontradicted evidence and weight of the evidence on the issues of damages." Therefore, upon its findings, the trial court granted a new trial limited to the issue of damages.

## ISSUES

Pepsi presents the following issues:

I. Did the trial court err in failing to follow Ind.Rules of Procedure, Trial Rule 59(E)(7) in formulating its special findings;

II. Did the trial court err in granting a new trial; and

III. If a new trial is required, is it unfair and impracticable to limit the new trial to the issue of damages only.

## DISCUSSION AND DECISION

Initially, we note that this cause was remanded to the trial court based on our determination of Issue I in an unpublished opinion, *Pepsi Cola Bottling Co., Inc. of Indianapolis v. Steven Polk*, (1981) Ind. App., 422 N.E.2d 759. Pursuant to our instruction, the trial court corrected its final order of July 7, 1979, which now complies with the requirements of Indiana Rules of Procedure, Trial Rule 59(E)(7).[1] The trial court, in its corrected order, sufficiently related the supporting and opposing evidence to the issue of damages upon which it granted a new trial.

*Issue II. New trial*

 In its brief, Pepsi has completely misapplied the various standards of review which govern the trial court and Court of Appeals. The trial court's standard of reviewing a verdict when considering a motion for a new trial is governed by T.R. 59(J)(7). It prescribes the procedure a trial court must follow in granting a new trial, and, in pertinent part, provides:

"In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; . . .
. . . [A]nd if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is

clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

In describing the trial judge's duties when faced with a motion for a new trial, Justice Hunter in *Memorial Hospital of South Bend, Inc. v. Scott*, (1973) 261 Ind. 27, at 33, 300 N.E.2d 50, said "the trial judge has an affirmative duty to weigh conflicting evidence. The trial judge sits as a 'thirteenth juror' and must determine whether in the minds of reasonable men a contrary verdict should have been reached." And as a thirteenth juror, the trial judge: 1) hears the case along with the jury; 2) observes witnesses for their credibility, intelligence and wisdom; and 3) determines whether the verdict is against the weight of the evidence. *Weenig v. Wood*, (1976) 169 Ind. App. 413, 349 N.E.2d 235; *Scott, supra; Bailey v. Kain*, (1963) 135 Ind.App. 657, 192 N.E.2d 486. When the verdict is against the weight of the evidence, it is the trial court's duty to grant a new trial. *Bredemeyer v. Cooper*, (1971) 150 Ind.App. 511, 276 N.E.2d 615; T.R. 59(J)(7).

 Upon the trial court's granting of a new trial, the Court of Appeals is governed by an entirely different rule of law on review.

"An appellate court cannot assume the responsibility of weighing conflicting evidence in reviewing the trial judge's action on a motion for a new trial . . . The sole duty of an appellate court is to examine the record to see if:

(a) The trial court abused its judicial discretion;

(b) A flagrant injustice has been done the appellant; or

(c) A very strong case for relief from the trial court's ordering a new trial has been made by the appellant."

---

1. Presently set out under T.R. 59(J)(7).

261 Ind. at 33, 300 N.E.2d 50. In applying this review standard, the trial court's action in granting a new trial is given a strong presumption of correctness. *Scott, supra; Stanley v. Kelley,* (1981) Ind.App., 417 N.E.2d 1145; *Bailey, supra.* Therefore, it is our duty to affirm the trial court's new trial order unless it is clearly demonstrated by Pepsi that the trial court abused its discretion.

■ Pepsi argues that for the Court of Appeals to reverse an award as inadequate, the amount of damages must be "so low that it shows the jury was clearly motivated by prejudice, passion, partiality or corruption, or considered some improper element. *Lapsley v. Jackson,* (1979) Ind.App., 384 N.E.2d 1136; *Kirk v. Harris,* (1977) 173 Ind.App. 445, 364 N.E.2d 145; *Dudley Sports Co. v. Schmitt,* (1972) 151 Ind.App. 217, 279 N.E.2d 266; and *Cox v. Winklepleck,* (1971) 149 Ind.App. 319, 271 N.E.2d 737. These cases are inapplicable to the case at bar because they describe the appropriate review standard for appellate courts on direct appeals from adverse jury verdicts. It is true that on appeal from the trial court's denial of a motion to correct errors based on inadequate or excessive damages

> "Indiana courts have adopted a strict standard of review for appeals predicated upon the excessiveness or insufficiency of awarded damages. A verdict will be reversed only when it is apparent from a review of the evidence concerning the injuries that the amount of damages assessed was so small or so great as to indicate that the jury was motivated by prejudice, passion, partiality, corruption or else considered some improper element." (Citation omitted.)

*Barrow v. Talbott,* (1981) Ind.App., 417 N.E.2d 917 at 922. However, this review standard, upon which Pepsi relies in its argument, is an incorrect and inapplicable standard of reviewing a trial court's grant of a new trial as our discussion above indicates.

Pepsi cites to *Cox, supra,* in arguing the jury is not required to award substantial monetary damages for pain and suffering. Furthermore, the jury could disregard as speculative any loss of overtime wages declared by Polk. *Cox* is distinguishable from the instant case as Polk correctly points out in his brief. In *Cox* no substantive evidence was presented to support plaintiff's claim for lost overtime wages. *Cox* also represents a direct appeal from an adverse jury verdict, unlike the case at bar.

The evidence discloses that Polk incurred approximately $2,500 in medical expenses and missed seven months of regular work which amounted to $10,000 in lost wages. The undisputed testimony of Dr. Schneider, Polk's physician, revealed that the swelling and pain in Polk's ankle would remain a permanent condition "based upon reasonable medical certainty." Additionally, as a result of the accident, Polk would develop traumatic arthritis in his left ankle. Preceding the accident, Polk normally worked overtime for eight hours per week. Following the accident, Polk was unable to perform overtime work due to pain and swelling in his ankle.

In its corrected order, the trial court set out the opposing evidence which established, *inter alia,* that following the accident Polk had: 1) a good record of attendance at work; 2) not been observed limping or favoring his left leg; 3) never complained to his supervisor about pain in his left ankle and 4) the freedom to choose whether to work overtime. In weighing the conflicting evidence, the trial court concluded the verdict was improper and not consistent with the weight of the evidence.

We are of the opinion the evidence clearly substantiates Polk's loss of overtime wages. Moreover, our examination of the record does not disclose that the trial court abused its discretion in granting Polk a new trial. No flagrant injustice has been done Pepsi who has not presented to us a strong case for relief from the trial court's new trial order.

*Issue III. Limited new trial*

■ Pepsi's final argument assails the trial court's grant of a new trial limited to the issue of damages. Initially, Pepsi con-

tends the issue of liability was vigorously contested at trial and other evidence showed that the jury compromised its verdict. In such a circumstance, a new trial limited to damages is improper. *State v. Tabler*, (1978) Ind.App., 381 N.E.2d 502. Thus, Pepsi concludes, the trial court erred in not granting a new trial on all issues.

We are in accord with Pepsi's statement of the law regarding a new trial limited to damages. In *Tabler, supra*, at 505, Presiding Judge Garrard said:

"When the issue of liability is hotly contested and the evidence and inferences are conflicting and might have supported a verdict either for the plaintiff or the defendant, a grant of a new trial limited to damages is improper. . . . a limited new trial is proper only when the evidence of liability is so clear that there is no issue on that point for a second jury to retry." (Citations omitted.)

On the issue of liability, the evidence shows Pepsi illegally parked its delivery truck beside a yellow-marked curb designating a no parking area. The rear of the truck protruded approximately three feet into the intersecting street. To observe east-bound traffic on East 10th Street, Polk had to station himself even with the rear of the truck. While Polk waited for the traffic to clear, the truck driver, without sounding his horn or displaying his tail lights, and with people yelling at him to go forward, backed into Polk, causing the stated injuries. Upon this evidence, the trial court entered its specific findings which affirmed the jury verdict resolving the question of liability against Pepsi.

Having reviewed the record, we conclude the trial court was correct. The issue of liability was not closely contested and there was no evidence to indicate that the verdict was a product of compromise. We, therefore, hold the trial court did not abuse its discretion in granting a limited new trial on the issue of damages.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.