**Bobbie J. OLIVER, Defendant-Appellant,**

v.

**Homer MORRISON, Plaintiff-Appellee.**

**No. 1–481A117.**

Court of Appeals of Indiana,
First District.

Feb. 9, 1982.
Rehearing Denied March 24, 1982.

William W. Drummy, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, for defendant-appellant.

Hansford C. Mann, Luther G. Johnson, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant Bobbie J. Oliver appeals from the order of the special judge granting a new trial pursuant to plaintiff-appellee Homer Morrison's motion to correct errors. We reverse.

## FACTS

The evidence introduced at the trial of this cause showed that on the night of January 21, 1978, seventeen-year-old Homer Morrison was driving a pickup truck in a northerly direction on U.S. Highway 41 in Farmersburg, Indiana, when he was struck from behind by a station wagon operated by Bobbie J. Oliver. Morrison was taken to Mary Sherman Hospital in Sullivan. His parents testified that he complained of pain in his head, neck, shoulders, chest, and left knee. After being examined and having x-rays taken, Morrison was released.

On January 23, Morrison was examined by his family physician, Glen McClure, M.D. Morrison complained to Dr. McClure of soreness or pain on top of his head and in his neck, rib cage, and left knee. Doctor McClure advised Morrison to use either ice or heat and linament on the knee and to consult an orthopedic surgeon if the condition did not improve. For a while the knee seemed to improve, but then it began to swell and give him pain at times when he walked. This occurred approximately twice a month, and Morrison was unable to play basketball or tennis as he had before. During the summer of 1978, Morrison consulted a Dr. Alsikafi, who had an x-ray and an orthrogram performed on the knee. According to Morrison, after these tests were performed, Dr. Alsikafi told Morrison that, for some reason he could not explain, the knee pulled two inches out of the joint. Neither the x-ray nor the orthrogram indicated any problem. Doctor Alsikafi recommended exercise, including bicycle riding and weight lifting. Morrison continued to ride his bicycle and engaged in his usual activities to about the same extent as before, but he did not use leg weights. He testified that he could have purchased the leg weights but did not do so. At the time of trial, Morrison was experiencing periods of swelling in the knee two or three times a month and pain in the knee two or three times a week.

Morrison testified that his doctors bills amounted to roughly $225. He further stated that he lost earnings of about $1,700 to $2,000 from April to the first of July, 1978, from work such as lawn mowing and putting up hay, which he would have done but for his knee condition. Morrison admitted on cross-examination, however, that these figures were more the product of a guess than of an estimate.

In March 1979 Morrison filed a personal injury suit against Oliver. Oliver answered and later filed an amended answer in which he admitted that he negligently drove his vehicle into the rear of Morrison's vehicle but denied the nature and extent of the injury and damage claimed by Morrison.

The matter was tried to a jury in the Sullivan Circuit Court, and the jury returned a verdict for Morrison in the amount of $2,000. The trial court, George E. Tay-

lor, Judge, entered judgment on the verdict. Morrison filed a motion to correct errors, alleging, among other things, that the damages awarded were inadequate and that the trial court erred in submitting to the jury a verdict form providing for a defendant's verdict, in giving the jury certain instructions, and in failing to give one of Morrison's instructions. After Morrison had filed his motion to correct errors but before it had been ruled upon, he attempted to have the cause withdrawn from Judge Taylor pursuant to Ind.Rules of Procedure, Trial Rule 53.1. However, the Supreme Court of Indiana ordered that jurisdiction of the cause continue with Judge Taylor. Thereafter, on his own motion, Judge Taylor disqualified himself. The parties agreed to the appointment of the Honorable Harold J. Bitzegaio as special judge.

Special Judge Bitzegaio granted Morrison's motion to correct errors and ordered a new trial on the question of damages. The special judge's ruling on the motion to correct errors reads, in pertinent part, as follows:

"Upon consideration of the Plaintiff's Motion to Correct Errors, pursuant to Trial Rule 59, and the Court having inquired of both counsel for the plaintiff and defendant whether or not they desired to argue the Motion, and they advised that neither of them did so desire;

"The Court finds that defendant's tendered Instruction No. 7, and the Court's Instruction No. 5, were inconsistent and in conflict with the Court's 1.03 Instruction, which stated that the defendant admitted that he was guilty of negligence which was the proximate cause of the plaintiff's injuries and damages, and said Instructions were in conflict with the last paragraph of the Court's Preliminary Instruction No. 3 concerning the binding effect of admissions. The Court finds that such conflicts constitute error.

"The Court further finds that the Court's tender to the jury of a verdict form which permitted it to return a verdict for the defendant was erroneous because of defendant's admission that his negligence was a proximate cause of injury and damage to plaintiff. For the same reason, it was error to refuse plaintiff's tendered Instruction No. 3 on the subject of damages.

"Plaintiff's Motion to Correct Errors specifies the inadequacy of the award of damages as error relied upon. The Court finds that plaintiff was prejudiced by the errors herein set out, and that the instructions, as a whole, on the subject of damages, denied plaintiff a fair trial.

"The Court further finds that the Judgment entered on April 30, 1980, for the plaintiff in the sum of Two Thousand Dollars ($2,000.00) be and the same is hereby set aside; and that a new trial of this cause be, and the same is hereby granted, without costs, on the issues of damages only."

Record at 18.

From this ruling, Oliver now appeals.

## ISSUES

Oliver presents the following issues for our review:

1. Whether the special judge was capable of discerning whether harmful or prejudicial error occurred at trial where he was not present at trial and did not request the preparation of a transcript of the evidence for his review.

2. Whether the special judge was capable of determining whether the damages awarded by the jury were inadequate when he was not present at trial and did not request the preparation of a transcript of the evidence for his review.

3. Whether the defendant's admission of negligence and proximate causation as to damages, if any, precludes the trial court from instructing the jury on the issue of the plaintiff's failure to mitigate damages by the plaintiff's knowing failure to follow his physician's instructions.

4. Whether the trial court's giving Indiana Pattern Jury Instruction No. 9.01 constitutes prejudicial error.

## DISCUSSION AND DECISION

*Issues One and Two*

Oliver contends, in essence, that the special judge was not in a position to be able to determine whether $2,000 constitutes inadequate damages inasmuch as the special judge was not present at trial to hear the evidence and observe the witnesses and did even not have the benefit of a trial transcript. Oliver further argues that the special judge, in determining the adequacy or inadequacy of the damages, should have applied the same standard we apply on appeal, *i.e.*, that

> "[a] damage verdict will only be reversed by this Court after we have examined the evidence concerning the injuries, and it is apparent that the amount of damages assessed by the jury is so small or so great as to indicate that the jury was motivated by 'prejudice, passion, partiality or corruption, or considered some improper element.' *Green v. Oakley* (1969), 145 Ind.App. 307, 250 N.E.2d 594."

*Wynder v. Lonergan*, (1972) 153 Ind.App. 92, 101, 286 N.E.2d 413, *trans. denied* (1973).

Morrison, on the other hand, asserts that Oliver has failed to address the appropriate questions on appeal. He says that the lower court's order granting a new trial is to be given a strong presumption of correctness on appeal and that in order to reverse the order granting a new trial, we must find either that the lower court abused its discretion, that a flagrant injustice has been committed against Oliver, or that Oliver has made a very strong case for relief from the order of a new trial. *Huff v. Travelers Indemnity Co.*, (1977) 266 Ind. 414, 363 N.E.2d 985; *Pepsi Cola Bottling Co. v. Polk*, (1981) Ind.App., 424 N.E.2d 1038. Morrison contends, further, that the special judge's order on the motion to correct errors shows that his ruling was based upon conflicts in the instructions rather than upon a weighing of the evidence or an assessment of the credibility of the witnesses. Accordingly, Morrison concludes there was no abuse of discretion in ordering a new trial on the question of damages.

The authority of a special judge in the situation at bar is set out in Ind.Rules of Procedure, Trial Rule 63(A):

> "(A) Disability and unavailability after the trial or hearing. The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. *If the judge before whom the trial or hearing was held is not available by reason of* death, sickness, absence or *unwillingness to act, then any other judge* regularly sitting in the judicial circuit or *assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned* or the findings or decision of the court is filed; but *if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial* or new hearing, in whole or in part. The unavailability of any such trial or hearing judge shall be determined and shown by a court order made by the successor judge at any time." (Our emphasis.)

 Thus, express provision has been made in our Trial Rules for the situation where a special judge is appointed after the verdict is returned. If the special judge orders a new trial on the ground that he did not preside at trial and could not, therefore, properly rule on the motion to correct errors, his decision clearly would be subject to the abuse of discretion standard of review according to the terms of T.R. 63(A). Furthermore, where a special judge who did not preside at trial rules on a motion to correct errors and, in so doing, weighs the evidence or judges the credibility of witnesses, he clearly abuses his discretion. *Urbanational Developers, Inc. v. Shamrock Engineering, Inc.*, (1978) Ind.App., 372 N.E.2d 742, *trans. denied.* In the case at bar, the special judge granted a new trial not on the basis of his inability to rule on the motion to correct errors but, rather, on the basis that the merits of the motion

required a new trial. In addition, although the special judge noted in his ruling that Morrison specified as error the inadequacy of damages awarded, the special judge's ruling was actually based upon conflicts in certain jury instructions, the failure to give one of Morrison's tendered instructions, and the tender to the jury of a verdict form permitting it to return a verdict for Oliver. Thus, the special judge did not really determine the adequacy of the damages in the sense of weighing the evidence and judging the credibility of the witnesses on the question of damages. Where, as here, the special judge grants a new trial in ruling on the merits of the motion to correct errors but without weighing the evidence or judging the credibility of witnesses, T.R. 63(A) does not expressly state the standard under which his decision is to be reviewed. However, in light of the clear purpose of T.R. 63(A) to give a special judge appointed after trial the same authority as the trial judge would have had, subject to the special judge's discretionary power to decline to exercise that authority, we are constrained to hold that a special judge's ruling on a motion to correct errors granting a new trial is subject to the same standard of review as the ruling of a trial judge who presides throughout the course of proceedings.

Oliver is correct in his assertion that the standard which this court applied in *Wynder v. Lonergan, supra,* to determine whether damages were excessive or inadequate is also the standard which a *trial court* is to apply in ruling on a motion to correct errors which alleges excessiveness or inadequacy of damages. *See State v. Tabler,* (1978) Ind.App., 381 N.E.2d 502, *trans. denied* ; *Green v. Oakley,* (1969) 145 Ind.App. 307, 250 N.E.2d 594. However, *on appeal* the standard applied in *Huff v. Travelers Indemnity, supra,* is used where the trial court has *granted* a new trial, whereas the standard applied in *Wynder* is used where the trial court has *denied* a motion to correct errors which alleges inad-

equate or excessive damages. *Pepsi Cola v. Polk, supra.* The *Huff* standard applies even where the new trial was granted because of an apparent error, the identification and correction of which did not require the trial court to act as a "thirteenth juror" and to weigh the evidence presented to the jury. *See Homestead Farms, Inc. v. State,* (1976) 168 Ind.App. 575, 343 N.E.2d 822, *trans. denied; Petrenko v. Lothamer,* (1965) 138 Ind.App. 561, 205 N.E.2d 192, *trans. denied.* Because the special judge granted a new trial on the issue of damages, we shall review his ruling and the parties' contentions to determine whether the special judge abused his discretion, whether a flagrant injustice has been committed against Oliver by the grant of a new trial, or whether Oliver has made a very strong case for relief from the order of a new trial.

*Issues Three and Four* .

Oliver maintains that the special judge, in ruling that conflicting instructions were given to the jury, confused mitigation of damages with negligence and causation. Oliver also asserts that the trial judge properly gave the jury a verdict form for a defendant's verdict because the jury reasonably could have concluded either that Morrison suffered no injury or that any injury existing at the time of trial was the result of Morrison's failure to follow his doctor's instructions.

The special judge determined that defendant's tendered Instruction No. 7 and Court's Instruction No. 5 (Indiana Pattern Jury Instruction No. 9.01) were inconsistent and in conflict with Court's No. 1.03 Instruction [1] (Preliminary Instruction No. 2) and Preliminary Instruction No. 3.

The last paragraph of Preliminary Instruction No. 2, as amended and given by the trial judge, reads as follows:

"The defendant, in his answer to plaintiff's Complaint, admits that he drove his vehicle into the rear of the plaintiff's vehicle, and was negligent in so doing.

---

1. The special judge apparently used the number which defendant Oliver had given to his tendered Preliminary Instruction No. 1.03.

That instruction, as amended, was given by the trial judge as Preliminary Instruction No. 2.

The defendant, however, denies the nature and extent of the plaintiff's claimed injuries *and admits that the defendant's negligence was the proximate cause of said injuries."* (Our emphasis.) Record at 94(d). The emphasized portion of the last sentence was handwritten and was apparently added by the trial judge to defendant's tendered Preliminary Instruction No. 1.03. Oliver has not cited, nor have we found, any place in the record where he objected to the trial judge's amendment of this instruction, even though Oliver's amended answer to Morrison's complaint did not contain any language similar to the emphasized portion of Preliminary Instruction No. 2.

Preliminary Instruction No. 3 explained to the jury that what the trial judge had just read to it were the parties' contentions and that the contentions are not evidence and should not be considered proof of any fact. The instruction also contained the following statement: "However, any admission of fact contained in the contentions must be accepted by you as true." Record at 94(e).

Defendant's tendered Instruction No. 7 states as follows:

"An injured person must use reasonable care to reduce or minimize the damages resulting from the wrongful act of another.

"If you find that the plaintiff, Homer Morrison, disobeyed his physician's instructions, contributing to or aggravating his injuries, then, *the defendant is only responsible for the damages, if any, which his negligence produced,* and not the damages, if any, which were produced by the failure of the plaintiff to follow his physician's instructions or otherwise use reasonable diligence and care to effect a cure." (Our emphasis.)

Record at 110.

Court's Instruction No. 5 provides:

"*If you find that the plaintiff received injuries that were probably caused by Defendant's negligence* which has been admitted then you must determine the amount of money which will fairly com-pensate, plaintiff for those elements of damage which were proved by the evidence to have resulted from the negligence of the defendant. You may consider:

(1) The nature and extent of his injuries.

(2) Whether said injuries are temporary or permanent.

(3) Any physical pain suffered as a result of the injury.

(4) The value of lost earnings.

(5) The reasonable expense of necessary medical care, treatment and services.

"You are to determine whether these elements of damage have been proved by a consideration of the evidence relating to damages. Your verdict must be based on that evidence and not on guess or speculation." (Our emphasis.)

Record at 101.

■ The statement in Preliminary Instruction No. 2 that Oliver "admits that the defendant's negligence was the proximate cause of said injuries" implies that there were injuries. While one could admit to being negligent, in the sense of breaching a duty of care, without admitting that one caused injuries, it does not seem possible that one logically could admit that he was negligent and that the negligence was the proximate or legal cause of injuries and at the same time maintain that there are no injuries. Oliver's amended answer did not admit proximate causation, and he presumably could have objected to the inclusion of that admission in Preliminary Instruction No. 2. Where a party tenders an instruction which the trial court modifies and gives to the jury as modified, and that party fails to object to either the modification or the giving of the instruction, any error in the instruction is waived. *American Optical Co. v. Weidenhamer,* (1980) Ind. App., 404 N.E.2d 606 (transfer pending); Ind. Rules of Procedure, Trial Rule 51(C). Thus, even if the trial judge erroneously characterized Oliver's admissions in Preliminary Instruction No. 2, that error has not been preserved.

■ Defendant's tendered Instruction No. 7 and Court's Instruction No. 5 both contain language which would lead the jury to believe that it was possible that Oliver's negligence was not the proximate cause of any injuries to Morrison. Inasmuch as Preliminary Instruction No. 2 reasonably could be said to imply that Oliver's negligence was the proximate cause of *some* injury—although the nature and extent of the injury were disputed—the special judge correctly concluded that the instructions are conflicting. Similarly, the submission to the jury of a verdict form for a defendant's verdict was erroneous.

■ Furthermore, there was uncontroverted evidence that Morrison was taken to Mary Sherman Hospital following the accident, that he there complained of pain in various parts of his body, including his left knee, and that when Dr. McClure examined him on January 23, 1978, Morrison's left knee exhibited slight swelling. Morrison was entitled, at a minimum, to nominal damages. *Smith v. Bruning Enterprises, Inc.*, (1981) Ind.App., 424 N.E.2d 1035; *A.F.N.B. v. Flick*, (1969) 146 Ind.App. 122, 252 N.E.2d 839, *trans. denied*. A jury verdict for Oliver would have been erroneous.

The special judge determined that the trial judge erred in refusing plaintiff's tendered Instruction No. 3 because of Oliver's admission that his negligence was a proximate cause of Morrison's injury. That instruction is similar to Court's Instruction No. 5, with the principal exception that, in place of the first paragraph of Court's Instruction No. 5, plaintiff's tendered Instruction No. 3 contains the following language:

"The Court instructs you to *return a verdict awarding damages* to the plaintiff, Homer Morrison. *The amount of such damages is the only matter for your consideration.*

"You must determine the amount of money which will fairly compensate Homer Morrison for those elements of damages which were proved by the evidence to have resulted from the negligence of the defendant. You may consider: . . . ." (Our emphasis.)

Record at 107.

The problem with the refusal of plaintiff's tendered Instruction No. 3 is the same as the problem discussed above regarding the conflict among the instructions given, *i.e.*, Preliminary Instruction No. 2 stated that Oliver admitted that his negligence was the proximate cause of Morrison's claimed injuries.

■ However, Morrison was awarded $2,000 by the jury. He testified that his doctor's bills amounted to about $225 and that he lost earnings of about $1,700 to $2,000 as a result of his knee injury. The jury was instructed that, in computing Morrison's damages, it could consider the nature and extent of his injuries, whether they are temporary or permanent, physical pain suffered, earnings lost, and medical expenses. Although it could not be said that the jury was generous to Morrison, the verdict of $2,000 is clearly within the scope of the evidence introduced.

■ Indiana Rules of Procedure, Trial Rule 59(J) [2] authorizes the trial court, in ruling on a motion to correct errors, to grant a new trial or other relief "if it determines that *prejudicial* or *harmful* error has been committed . . . ." (Our emphasis.) Furthermore, "[p]rejudice is not presumed when erroneous instructions are given over objection if the jury has unquestionably reached the right result . . . ." *Tousley-Bixler Construction Co. v. Colgate Enterprises, Inc.*, (1982) Ind.App., 429 N.E.2d 979, 982; *Lewis v. Davis*, (1980) Ind.App., 410 N.E.2d 1363.

We do not see how Morrison was prejudiced by the errors discussed above. Inasmuch as the verdict was within the scope of the evidence, the size of the verdict could not reasonably be viewed as evidence of confusion in the minds of the jurors or of a compromise verdict. *See McNall v. Farm-*

---

**2.** At the time Morrison filed his motion to correct errors, this provision was labeled Trial Rule 59(I).

ers *Insurance Group*, (1979) Ind.App., 392 N.E.2d 520; *State v. Tabler, supra.*

■ As we indicated earlier, we may reverse the special judge's order of a new trial only if he abused his discretion, a flagrant injustice has been committed against Oliver, or Oliver has made a very strong case for relief. *Huff v. Travelers Indemnity; Pepsi Cola v. Polk, supra.* A trial court abuses its discretion when its ruling is clearly against the logic and effect of the facts and circumstances before it, including the reasonable inferences which may be drawn from those facts and circumstances. *Captain & Co. v. Towne*, (1980) Ind.App., 404 N.E.2d 1159; *In re Marriage of Osborne*, (1977) Ind.App., 369 N.E.2d 653, *trans. denied.*

■ We have determined that Oliver has made a compelling case for relief from the obvious injustice which has been done him by virtue of the special judge's ordering a new trial. Although the trial judge committed certain errors in regard to the jury instructions and verdict form as we have noted above, there is no reasonable indication that those errors affected the jury's verdict and prejudiced Morrison's case. Only by speculation could the special judge have concluded that the verdict would be significantly different after a new trial. That Oliver would expend considerable time, effort, and financial resources in defending against Morrison's attempt to increase his damage award is obvious.

Accordingly, we reverse the special judge's ruling on Morrison's motion to correct errors and remand the cause with instructions to reinstate the initial judgment of April 30, 1980.

Reversed and remanded.

NEAL and ROBERTSON, JJ., concur.