Linda **WEAVER and Franklin Weaver**, Appellants,

v.

**James H. GULLION**, Appellee.

No. 383S96.

Supreme Court of Indiana.

March 25, 1983.

Douglas C. Holland, Lawrenceburg, for appellants.

Gary K. Kemper, Madison, for appellee.

DeBRULER, Justice.

Appellants, Linda and Franklin Weaver, husband and wife and plaintiffs below, prosecuted their tort claims for injuries to Mrs. Weaver suffered in an auto collision, both receiving favorable verdicts, she to receive $27,000, he, however, to receive no money. The trial court in ruling upon the motions of the defendant-appellee, James Gullion, and the plaintiff-appellant, Franklin Weaver, to correct errors upheld the integrity of the trial and the determination of liability, but based upon the evidence granted Franklin Weaver $500 and reduced the recovery of Linda Weaver to $3000. Appellants, Linda and Franklin Weaver, filed motions to correct errors challenging the trial court's treatment of damages. The motions were overruled and both brought appeals to the Court of Appeals.

The Court of Appeals affirmed the increased award for him and the reduced award for her. Appellant, Linda Weaver, prosecuted a petition for rehearing below and a petition for transfer here. Transfer granted. The judgment for appellant, Franklin Weaver, in the sum of $500 is reaffirmed. The judgment for appellant, Linda Weaver, in the sum of $3000 is ordered set aside and the trial court is ordered to grant a judgment for her in the sum of $27,000.

█ In reviewing the trial court's reduction of the amount awarded by the jury, this Court gives special deference to the decision of the trial court by reason of his ability to weigh the evidence and to judge the credibility of the witnesses. Ind.R. App.P. 15. The judge's decision may, however, be set aside, if the appellate court can declare upon examination of the record that a very strong case for relief from it is present. *Memorial Hospital of South Bend, Inc. v. Scott*, (1973) 261 Ind. 27, 300 N.E.2d 50; *Pepsi Cola Bottling Co., Inc. of Indianapolis v. Polk*, (1981) Ind.App., 424 N.E.2d 1038.

Appellant, Linda Weaver, was driving a small car, an AMC Gremlin, the appellee, James Gullion, a full sized GM Pontiac. The smaller car while moving at 30 mph came to an abrupt stop when the two cars collided head on. She was thrown back and forth several times by the impact, suffering a lumbar sprain, and repeated blows to the face and mouth as she hit the steering wheel. Sharp back pains began immediately. Teeth were knocked loose and one protruded through the skin and was visible from the outside. She was removed from her car gently upon a board by medical personnel. At the hospital she came under the care of a physician who required her to be administered muscle relaxant and pain reducing drugs and heat pads. She was not allowed out of bed for any purpose during this time for five days. Her teeth had to be wired back in place, and kept stabilized in that fashion for six weeks. After five days

in the hospital she returned home and was required to remain in bed with the same medication for sixty days. She could leave the bed only to go to the bathroom. Following that she was able to do only light housework for another sixty day period.

Appellant was a farm wife who in addition to her role as parent and housekeeper, worked as the need arose in the tobacco, dairy, and crop operations conducted on the farm. Her ability to work in these areas was lost or curtailed during the period immediately following the accident. The special damages attributable to medical care was about $1800.

Following the first four months at home during which gradual improvement was experienced, the appellant's physician was killed in an accident. As a consequence, in addition to her own testimony concerning her medical care and treatment, the plaintiff's case rested on the testimony of a chiropractor to whom she went after her doctor died. The medical doctor who testified for the defense examined the plaintiff about two years after the injury and concluded that he could find no clinical evidence supporting Linda Weaver's continued complaints of circumferential paresthesia to her leg or other dysfunction.

The primary concern of the trial judge was in the lack of weight to be accorded the plaintiff's medical evidence. He concluded that the damages awarded by the jury were excessive and against the weight of the credible medical evidence. We would agree that there appears to be an untoward weakness in the presentation of the supportive medical evidence by appellant. However, upon examination of this record, that weakness impacts the case for the plaintiff-appellant primarily as it relates to her claim of residual and continuing pain and disability. The bulk of the medical testimony at the trial was in conflict with regard to this part of the claim. However, the evidence, as it relates to the first four and one-half months following the injury, is strong and substantial and there is little in conflict about it. She suffered repeated blows to the mouth, loosened teeth and a lumbar sprain. These injuries were accompanied by severe anxiety, pain, disability, and expensive medical treatment. The testimony describing her experiences while in the care of her physician, presents a very strong case for relief from the trial court's order reducing her damages. That showing amply supports the verdict for appellant, Linda Weaver, in the amount arrived at by the jury. We have therefore ordered a judgment to be rendered for plaintiff in the sum of $27,000.

GIVAN, C.J. and PIVARNIK, J., concur.

PRENTICE, J., concurs in result.

HUNTER, J., not participating.