Deborah K. SYMON, Appellant
(Defendant Below),

v.

Constance BURGER and Dean Burger,
Appellees (Plaintiffs Below).

No. 71A04–8704–CV–125.

Court of Appeals of Indiana,
Fourth District.

Sept. 29, 1988.

Mark A. Lienhoop, Gene M. Jones, Newby Lewis Kaminski & Jones, La Porte, for appellant.

V. Michael Drayton, Sallwasser & McCain, La Porte, for appellees.

MILLER, Judge.

Deborah K. Symon appeals the grant of additur to the jury verdict won by Constance and Dean Burger against her. Mr. and Mrs. Burger won verdicts in the amounts of $2,100.15 and $1,482.20 respectively in their negligence action against Symon for personal injuries and property damage sustained in an automobile accident. Upon the Burgers' motion to correct errors, the trial judge granted additur raising the respective awards to $8,100.15 and $4,482.00.

Symon contends that the jury's verdict must be reinstated because additur was error as a matter of law. She also raises an evidentiary error for the first time in her brief. We have determined that the granting of additur was erroneous and reverse and remand with instructions to reinstate the jury verdict.

## ISSUES

Symon raises three errors in the granting of additur and one evidentiary error. We will discuss one error in the granting of additur which requires reversal and the evidentiary issue.[1]

These issues are:

I. Whether additur was error because the jury's verdict was within the range of the evidence?

II. Whether there was sufficient evidence to award Dean Burger any damages for the loss of his 1973 Chevrolet Vega?

## FACTS

On October 29, 1984 Constance Burger and Deborah K. Symon were involved in an automobile accident in LaPorte, Indiana. Mrs. Symon pulled out of Bernacchi's Farm Market into the path of Mrs. Burger who was northbound on State Route 4. Both women were injured; both cars were to-

taled. The car Mrs. Burger was driving was a 1973 Chevrolet Vega owned by her husband, Dean Burger.

Mrs. Burger sued for lost wages, medical bills, and pain and suffering. She was absent thirty-eight and one-half (38½) days from her job as a public school bus driver. She sustained five broken ribs, a concussion, a cut on her head that required stitches, damage to her super optic nerve, abrasions on both knees, various bruises, and scars on her forehead, knees, and elbow. She complains of numbness in her left side, pain in her ribs, headaches, neck pain, and a loss of stamina.

Mr. Burger alleged damages including a towing bill, a rental car, the loss of his 1973 Chevrolet Vega, and loss of consortium with his wife. The charges for the towing of the wrecked Vega and the rental car were undisputed. Burger paid $2,300 for the Vega twenty-one months before the accident. He testified the Vega would hold its value because it had air conditioning, a cast iron engine block, no rust, and a perfect interior. Because of his wife's injuries, Mr. Burger had to do more chores around the house, eat his daughter's cooking which was not as good as his wife's, and refrain from sex with his wife for some time.

## DECISION

*I. Whether the jury verdict was within the range of the evidence?*

■ The trial court has three options when it determines that damages awarded are inadequate. The court may "enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur." T.R. 59(J)(5). The trial court cannot properly vary the jury's award and enter judgment for a different amount unless it finds that the damages

---

**1.** Symon alleges that the trial judge's failure to state the general reasons for granting additur requires reversal and reinstatement of the jury verdict. Trial judges are required to state the general reasons for granting corrective relief pursuant to Ind.Rules of Procedure, Trial Rule 59(J)(7). *Coffel v. Perry* (1983), Ind.App., 452

N.E.2d 1066. The judge's error in failing to do so in this case is manifest. Her amended judgment is entirely void of supporting rationale. But, we need not decide the consequences of this error because we reverse and reinstate the jury verdict on the merits of the case.

awarded were excessive or inadequate as a matter of law. *State v. Bircher* (1983), Ind.App., 446 N.E.2d 607. The jury's verdict will be upheld unless the damages awarded are so small as to indicate the jury was motivated by "... passion, partiality, corruption or considered some improper element." *State v. Tabler* (1978), 178 Ind. App. 31, 381 N.E.2d 502. Additur or remittitur is error if the jury's award is within the range of the evidence. *Weenig v. Wood* (1976), 169 Ind.App. 413, 349 N.E.2d 235, *trans. denied.*

Indiana does, however, subscribe to the general principle of tort law that all damages directly attributed to the wrong done are compensable. *Burris v. Reister* (1987), Ind.App., 506 N.E.2d 484. The jury is not required to award a substantial amount as compensation for general damages. Under appropriate circumstances, a nominal award is appropriate. *Cox v. Winklepleck* (1971), 149 Ind.App. 319, 271 N.E.2d 737. The Burgers contend that the jury's verdict, which corresponds to their claimed *special* damages to the penny (Mrs. Burger's exact claimed specials and Mr. Burger's exact claimed specials if the jury cut the value of his Vega in half), is inadequate as a matter of law because it fails to compensate them even nominally for pain and suffering and loss of consortium.

According to the Burgers, the following tables demonstrate how their awards were computed by the jury:

| Mrs. Burger | | Mr. Burger | |
|---|---|---|---|
| Medical Bills | $1117.25 | '73 Vega $2300/2 | = $1150.00 |
| Lost Wages | 982.90 | Tow | 97.00 |
| Pain and Suffering | -0- | Car Rental | 235.20 |
| | | Consortium | -0- |
| Total | $2100.15 | | $1482.20 |

Had the evidence not been hotly contested we might agree with the Burgers. Upon analysis of the trial record we conclude that the jury may not have taken the Burgers' claims of special damages at face value, but awarded their claimed specials in order to compensate them nominally for their general damages. When a jury awards a personal injury plaintiff the exact amount, or approximately the exact amount, of his or her claimed medical expenses and other special damages but

makes no allowance for pain and suffering, the verdict is not necessarily improper or irregular since the jury could have *disallowed* a portion of the claimed special damages, but awarded the amount claimed with the intention of making the difference constitute compensation for the plaintiff's pain and suffering and other general damages. *Ferguson v. Graddy* (1978), 263 Ark. 413, 565 S.W.2d 600 (validity questionable because of repeal of trial rule); *Meyer v. Ricklick* (1965), 99 Ariz. 355, 409 P.2d 280; *Annot.* 55 A.L.R.4th 1986 § 4a.

The *Ferguson* court, for instance, held that the trial judge did not err in denying Mrs. Ferguson's motion for a new trial although the amount of verdict equaled the exact amount of her medical expenses and lost wages. The evidence disclosed that Mrs. Ferguson's treating physician released her to return to work forty-seven weeks after the accident but that she did not return to work until sixty-five weeks after the accident. Testimony revealed that upon her release, she was offered three different positions by her employer at the same wage scale she had been paid previously. The court held that if the jury found that she lost no wages except for the forty-seven weeks before her doctor's release, the award equivalent to all of her claimed lost wages was partly comprised of an award for pain and suffering.

Similarly in *Meyer*, the plaintiff won a jury verdict which was almost identical to her claimed special damages. The appellate court granted Mrs. Meyer a new trial because it did not appear that the jury awarded her damages for pain and suffering. The supreme court of Arizona vacated the appellate court's decision and reinstated the original verdict holding that the jury could have limited the award of special damages for many reasons including: (1) that the medical expenses Meyer allegedly incurred were not proven as reasonable; or (2) that her loss of earnings was not as much as she asserted.

We have addressed the issue of inadequate damages before. For example, in *Cox, supra,* we upheld a jury verdict in

favor of Mr. Cox, a personal injury automobile accident victim, in the amount of $500.00. His uncontroverted testimony concerning his medical bills and lost wages set his special damages at nearly $600.00. We held the jury, the sole judge of credibility, was not required to believe Cox's testimony concerning lost wages because the loss may not have been attributable to the accident. Cox alleged he missed twenty (20) days of work because of the accident. Another victim of the accident lost only three (3) days of work.

Mrs. Burger's claims of special damages were in dispute. Her credibility was challenged. For example, it was discovered at trial that two of the medical bills submitted as attributable to the accident were for totally unrelated reasons and should be disregarded by the jury. One doctor bill was for the treatment of an earlobe infection resulting from the piercing of Mrs. Burger's ears. Another bill was for the treatment of the common cold. Also, the jury was not required to believe that Mrs. Burger's depression and the resulting treatment expenses were attributable to the accident.

The reasonableness of Mrs. Burger's claim for lost wages was also questioned. She allegedly lost 38½ days of work between October 29, 1984, the day of the accident, and January 7, 1985 as a result of the accident. She was employed as a school bus driver and many days during this period were school holidays. Her doctor testified that he had placed no specific restrictions on her activities and many patients with broken ribs do not miss any work at all.

The size of Mr. Burger's award indicates the jury did not believe his testimony concerning the value of his 1973 Chevrolet Vega. He testified the car was worth $2,300.00 at the time of the accident—the amount he paid for it 21 months earlier—and $50.00 as junk afterwards. Even if we were to accept his contention that the jury awarded him 50% or $1150.00 for his Vega and nothing ($0.00) for loss of consortium, the $50.00 salvage value has not been accounted for. Burger's 50% formula indi-

cates the jury awarded him $50.00, sufficient nominal damages, for the loss of consortium. However, we need not accept Burger's 50% formula; we note that the jury could have employed one of many formulae to award a lesser amount for the Vega and nominal damages for the loss of consortium. Our inability to actually look into the minds of jurors and determine how they computed an award is, to a large extent, the reason behind the rule that a verdict will be upheld if the award falls within the bounds of the evidence. *Annee v. State* (1971), 256 Ind. 686, 271 N.E.2d 711.

The Burgers' claims of special damages were hotly contested. We conclude that the jury awards which correspond to the amount of special damages claimed could easily have included awards for pain and suffering and loss of consortium. Because the Burgers were compensated for all their injuries, the jury verdict was within the range of the evidence and the granting of additur was erroneous.

*ISSUE II. Whether there was any evidence to support an award of damages for the 1973 Vega?*

Symon argues that the Burgers failed to establish the market value of the Vega at the time of the accident. The Burgers contend that this error has been waived because it did not appear in their motion to correct errors and Symon did not file her own motion after additur was granted. We first observe that Symon was not required to file a motion to correct errors in order to seek review of relief granted upon her opponents' motion. T.R. 59(F); *P-M Gas & Wash Co., Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592. The question now before us is whether she need file her own motion to correct errors to preserve an error not brought to the attention of the trial court by the Burgers' motion. This issue was resolved earlier this year in *Groves v. First Nat. Bank of Valparaiso* (1988), Ind.App., 518 N.E.2d 819 (*trans. pending*) where we held that a party prejudiced by relief granted on a motion to correct errors need not file his or her own motion to correct errors to pre-

serve issues not raised by the opponent. We need not burden this opinion with duplicative analysis. Symon's issue is preserved.

 The appropriate measure of damages for the Vega is the difference between the property's fair market value before and after the accident. *Hann v. State* (1983), Ind.App., 447 N.E.2d 1144. As owner of the car, Burger was competent to testify as to its value. *Coyle Chevrolet Co. v. Carrier* (1979), Ind.App., 397 N.E.2d 1283. Symon contends that Burger testified to the price he paid for the car in February of 1983 but failed to state the Vega's value as of October of 1984, the month of the accident. Except in the case of new articles, original cost, though admissible, is not alone sufficient to establish value and will not support an award of damages. *Daly v. Nau* (1975), 167 Ind. App. 541, 339 N.E.2d 71.

We addressed a similar evidentiary problem in *Coyle Chevrolet, supra.* In *Coyle,* the purchaser of a new car sued the dealership for breach of warranty because her car was defective. Her testimony on the valuation of the car was ambiguous. The question on appeal was whether she established the value of the car at the time of acceptance from the dealership (which was the time relevant to her damages) or whether she testified to its value at the time of trial after she had driven it 16,000 miles. We held, upon review of all the testimony, that the jury could have inferred that her testimony on valuation related to the time of acceptance and not the time of trial.

 We have reviewed Mr. Burger's testimony. He testified that he paid $2300.00 for the Vega in February of 1983; he "thought it was well worth that or [he] wouldn't have paid that for it." His testimony indicates he believed his car did not depreciate in the year and a half before the accident; "I felt that a car like that wouldn't lose for the options it had in it, the body, the tires, many things." The Vega had air conditioning, no rust, a cast iron engine block and a "perfect" interior. The Burgers did not drive it much and whenever Dean drove it in winter he would wash it in his indoor garage the moment he got home.

Burger testified to the Vega's value as of the time of the accident; he believed it had not depreciated in value during the time he owned it. Although the jury did not believe Burger's testimony and awarded him a lesser amount as compensation for all his damages than the value he placed on his car, his testimony constituted a sufficient basis for an award of damages. We find no error.

The jury awarded the Burgers for all their compensable injuries. The verdict was within the bounds of the evidence; additur was erroneous. We reverse and remand with instructions to reinstate the original jury verdict.

STATON and HOFFMAN, JJ., concur.