**STATE of Indiana and the Indiana State Highway Commission, Appellants (Defendants below),**

**v.**

**Bryan TABLER, a minor by his next friend, Harvey Tabler, Harvey Tabler, Administrator of the Estate of Carol Joyce Tabler, Deceased, Harvey Tabler, Individually, and Terry P. McBride, Appellees (Plaintiffs below).**

**No. 3–1075A217.**

Supreme Court of Indiana.

Oct. 29, 1979.

Theo. L. Sendak, Atty. Gen., Robert S. Spear, Asst. Atty. Gen., Indianapolis, for appellants.

Floyd F. Cook, Cook, Cook & Welke, Kokomo, Herbert F. Small, Nelson J. Becker, Hanna, Small, Sabatini & Becker, Logansport, for appellees Bryan Tabler, a minor by his next friend, Harvey Tabler, Harvey Tabler, Administrator of the Estate of Carol Joyce Tabler, deceased, and Harvey Tabler, Individually.

William S. Spangler, David L. Abel, II, Spangler, Jennings, Spangler & Dougherty, P. C., Gary, Thomas B. Dumas, Dumas & Moriarity, Rensselaer, for appellee Terry P. McBride.

ON PETITION TO TRANSFER

Petition to Transfer Denied. [For opinion of Court of Appeals see 381 N.E.2d 502.]

HUNTER, Justice, dissenting to denial of transfer.

I dissent to the denial of the petition to transfer in this case because in my view Ind.R.Tr.P. 59(E)(5) and (7) and the *Bailey v. Kain*, (1963) 135 Ind.App. 657, 192 N.E.2d 486, line of cases completely uphold the trial court's action in granting a new trial solely upon the issue of damages.

The trial court made specific findings of fact on the issue of damages and indicated that the jury's verdict on that issue was clearly erroneous as contrary to the evidence. He specifically listed all the undisputed evidence which would show the jury's verdict on this issue was inadequate. This is in accordance with Ind.R.Tr.P. 59(E)(7) which states in part:

"When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; . . . if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

The trial court then gave his reason for denying a new trial on the issue of liability in the following words:

"IV. The cases cited to the Court in defendant's 'Memorandum in Opposition to Relief Sought in Plaintiff McBride's Motion to Correct Errors' advocating a new trial on all the issues *would be persuasive if the Court could realistically anticipate that on a retrial of all the issues the defendants would have at least an even chance of a verdict in their favor.* Under the circumstances presented by this case this Court does not hold that view." [Emphasis added.]

This clearly shows that the court fulfilled his duty to weigh the evidence on the issue of liability and found that the verdict on *that* issue was not contrary to the evidence.

I feel the appellees are correct in pointing out two arguments. First, on consideration of a motion for a new trial, it is the trial judge alone, and not the Court of Appeals, who sits as a "thirteenth juror" to weigh conflicting evidence. *Memorial Hospital of South Bend v. Scott*, (1973) 261 Ind. 27, 300 N.E.2d 50, and cases cited therein; *Read v. Malone*, (1978) Ind.App., 376 N.E.2d 494; *Bailey v. Kain, supra.*

Second, the trial court has a duty to grant a new trial *only* to the parties and issues affected by the error unless such relief is shown to be impracticable or unfair. Ind.R.Tr.P. 59(E)(7) further states in part:

". . . if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair."

The case of *Borowski v. Rupert*, (1972) 152 Ind.App. 9, 281 N.E.2d 502, does not change this rule. The state at no time in its motion to correct errors or otherwise made any contentions that the granting of a new trial in this case solely on the issue of damages was either impracticable or unfair.

I respectfully submit that the trial judge faced his responsibilities on the two issues in this case. He upheld the jury's finding of liability and overruled the jury's verdict on the measure of damages. He entered specific findings in support of his ruling in accordance with Ind.R.Tr.P. 59(E)(7). There was no challenge to the findings of fact so entered. Our precedents do not permit the Court of Appeals to act as a "fourteenth juror" and reweigh the evidence which the trial court has already considered. Since there was no allegation or proof that the trial court's ruling was impracticable or unfair, the ruling should be upheld.

I would, therefore, grant transfer, vacate the Court of Appeals' opinion, and affirm

the trial court in all respects including the order granting a new trial on the issue of damages only.