**Buddy STANLEY, Appellant
(Plaintiff Below),**

v.

**William J. KELLEY, Appellee
(Defendant Below).**

No. 2–680A185.

Court of Appeals of Indiana,
Fourth District.

March 17, 1981.

Raymond F. Fairchild, Payne, Weiland, Wright & Fairchild, Indianapolis, for appellant.

Clark & Clark, Thomas Michael Quinn, Jr., and Alex M. Clark, Indianapolis, for appellee.

YOUNG, Presiding Judge.

Plaintiff Buddy Stanley appeals the trial court's grant of defendant William Kelley's Motion to Correct Errors and Motion for Judgment on the Evidence. In Stanley's suit against Kelley, alleging slander and intentional interference with a contractual relationship, the jury returned a verdict upon which judgment was entered for Stanley awarding him $124,000.00 in actual damages and $6,000.00 in punitive damages. The trial court granted Kelley's Motion to Correct Errors ruling that "... the verdict of the jury is clearly erroneous and not supported by the evidence ..." and ordered the cause retried. The correctness of that action is the subject of this appeal.

The trial court order suffers from ambiguity which frustrates our disposition of this appeal. The trial court did not in its ruling show why judgment was not entered for defendant Kelley on the evidence. Trial Rule 59(I)(7) states that:

In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and *shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence ....* When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if *the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.* (Emphasis added.)

As provided by T.R. 59(I)(7), a trial court, when reviewing the evidence, can respond in one of three ways. If the court determines the verdict is against the weight of the evidence, it shall grant a new trial, making special findings upon each material issue and relating the supporting and opposing evidence to each issue upon which a new trial is granted. If the trial court determines the verdict is clearly erroneous as contrary to or not supported by the evidence, it shall enter final judgment, specifying the general reasons therefor. If, however, the trial court, after finding the verdict clearly erroneous, determines that entry of final judgment would "be impracticable or unfair to any of the parties or is otherwise improper ...", it may grant a new trial, making special findings of fact upon each material issue and showing why judgment was not entered upon the evidence.

Both the trial and appellate court standards of review vary depending upon whether judgment is entered because the verdict is determined to be clearly erroneous or a new trial is ordered because the verdict is determined to be against the weight of the evidence. When the trial court is reviewing, as here, a motion for judgment on the evidence subsequent to the jury's verdict, i. e., a claim that the verdict is clearly erroneous because not supported by the evidence, it views only the evidence favorable to the non-moving party and the

reasonable inferences to be drawn therefrom. The trial court may not weigh the evidence. A verdict is clearly erroneous only ". . . if there is no substantial evidence or reasonable inference to be adduced therefrom to support an essential element of the claim, i. e., the evidence must point unerringly to a conclusion not reached by the jury." *Huff v. Travelers Indemnity Company*, (1977) 266 Ind. 414, 363 N.E.2d 985, 990. The standard of appellate review of a trial court determination that the verdict is clearly erroneous is identical to the standard of review guiding trial judges: whether there was evidence of probative value to support each essential element of the claim. *Huff, supra.* If the evidence conflicts but there is relevant evidence to support the claim, the verdict is not clearly erroneous.

 In reviewing a claim that the weight of the evidence preponderates against the jury's verdict, the trial judge sits as a "thirteenth juror." *Huff, supra, Bailey v. Kain*, (1963) 135 Ind.App. 657, 192 N.E.2d 486. If after sifting and weighing the conflicting evidence and the credibility of witnesses, the trial judge believes a contrary result should have been reached in the minds of reasonable men, it should grant a new trial. *Huff, supra.* Appellate review of this determination, if it is supported by specific findings which relate the supporting and opposing evidence to each issue upon which a new trial is granted, is narrowly circumscribed. The "trial court's action in granting a new trial is given a strong presumption of correctness." *Memorial Hospital v. Scott*, (1973) 261 Ind. 27, 31, 300 N.E.2d 50, 53. An appellate court can only examine the record to determine whether:

(a) the trial court abused its judicial discretion;

(b) a flagrant injustice has been done the appellant; or

(c) a very strong case for relief from the new trial order has been made by appellant. *Memorial Hospital, supra.*

In this case the trial court, although finding the jury verdict and judgment thereon to be clearly erroneous, did not enter judgment upon the evidence, but instead granted a new trial. The trial court's findings, however, do not, as required by T.R. 59(I)(7), show why judgment was not entered for defendant Kelley on the evidence. Without explanation, it granted a remedy which normally flows from a determination that the evidence preponderates against the verdict. We therefore remand to the trial court for compliance with T.R. 59(I)(7). We retain jurisdiction of this appeal and direct the trial court to comply with this opinion within thirty days of receipt of a certified copy of· the opinion.

If the trial court has in fact determined the verdict is clearly erroneous, it should either enter judgment for Kelley or show why a new trial is necessary and specify the issues which will be retried. If, instead, the trial court has ordered a new trial because finding the verdict to be against the weight of the evidence, it should make specific findings of fact upon each material issue and relate the supporting and opposing evidence to each issue upon which trial is granted.

Remanded.

CHIPMAN and MILLER, JJ., concur.