**Gregory S. BERG, Appellant
(Defendant Below),**

v.

**George E. GLINOS, Appellee
(Plaintiff Below).**

**No. 64A04–8807–CV–223.**

Court of Appeals of Indiana,
Fourth District.

May 24, 1989.

Kenneth M. Wilk, Hand, Muenich & Wilk, Highland, for appellant.

Thomas F. Macke, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Gregory S. Berg (Berg) appeals the trial court's grant of a new trial in favor of Plaintiff–Appellee George E. Glinos (Glinos) after the jury had returned a verdict for Berg in this personal injury action. We affirm.

Two issues are presented for our review. They are:

1. whether the trial court erred in granting new trial, and

2. whether the trial court should have entered judgment in favor of Glinos, rather than granting a new trial.

Porter County Roads 650 and 450 intersect. 450 is a north-south blacktopped preferential road whereas 650 is an east-west unpreferred gravel road. A stop sign is positioned to stop drivers on 650 at that intersection.

Glinos was travelling north on 450. Eight to nine telephone poles from 650 he spotted Berg's vehicle on 650 approximately three to four telephone poles away from the intersection.

Berg's mother was supervising an informal driver's examination before taking Berg to obtain his driver's license. Traveling west on 650, the Berg vehicle stopped at the stop sign. Glinos saw the Berg vehicle sitting at the sign an unreasonably long time, and slowed his vehicle by taking his foot off the accelerator and coasting toward the intersection. The Berg auto then pulled onto 650 in front of Glinos's dump truck. Glinos braked, sounded his

horn, swerved, then collided with the Berg vehicle.

At trial, Glinos moved for judgment on the evidence claiming there was no evidence he was contributorily negligent. The trial court denied that motion and read the jury an instruction regarding contributory negligence. After deliberation, the jury returned a verdict in favor of Berg. Glinos filed a motion to correct errors which the trial court granted.[1]

Berg appeals.

Berg contends the fact Glinos did not brake constitutes contributory negligence. He argues Glinos's awareness of the unreasonably long period of time the Berg vehicle was at the stop sign should have put Glinos on notice the Berg vehicle was about to move onto 650 in front of Glinos.

Glinos contends the trial court correctly found the weight of the evidence preponderates against the jury's verdict. He argues the trial judge correctly sat as the thirteenth juror, weighed the conflicting evidence and judged the credibility of the witnesses, citing *Memorial Hospital v. Scott* (1973), 261 Ind. 27, 300 N.E.2d 50.

The court's standard in reviewing the grant of a new trial was established in *Memorial Hospital, supra,* at 54. The sole duty of an appellate court is to examine the record to see if: (a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done the appellant; or (c) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant. When reviewing the trial court's grant of a new trial this court neither weighs the evidence nor judges the credibility of the witnesses.

When faced with a motion requesting a new trial, the trial judge sits as a thirteenth juror and may order a new trial by determining the jury's verdict is against the weight of the evidence. *Tancos v. A.W., Inc.* (1986), Ind.App., 502 N.E.2d 109, 114. It is the trial court's function to weigh the evidence and judge the credibility of witnesses. *Memorial Hospital, supra,* 300 N.E.2d at 53–54. A trial court's grant of a new trial is given a strong presumption of correctness. *Huff v. Travelers Indemnity Co.* (1977), 266 Ind. 414, 363 N.E.2d 985, 990.

The critical issue here is whether the trial court's ruling is incorrect on the issue of Glinos's alleged contributory negligence. A plaintiff will be found contributorily negligent only if the following two pronged analysis is satisfied. It is:

(1) whether plaintiff's conduct falls below the standard to which an ordinary person in like or similar circumstances would conform for his own protection, and

(2) whether the substandard conduct is a direct and not a remote cause of plaintiff's injuries.

*Public Service Co. of Indiana, Inc. v. Gibbs* (1984), Ind.App., 460 N.E.2d 992, 995; *McCall v. Sisson* (1975), 166 Ind.App. 403, 336 N.E.2d 660, 662. The standard of care prong demands plaintiff have knowledge and appreciation of the peril. *Law v. Yukon Delta* (1984), Ind.App., 458 N.E.2d 677, 680. Unless the party has notice to the contrary, he has the right to assume others who owe him a duty of reasonable care will exercise such care. *Brock v. Walton* (1983), Ind.App., 456 N.E.2d 1087, 1092–1093. The exercise of ordinary and reason-

1. The trial court's order granting new trial states in pertinent part:

The Court, having heard the arguments of counsel on Plaintiff's Motion to correct Errors, now finds that the Court erred in failing to grant Plaintiff's Motion for Judgment on the Evidence at the close of all the evidence on the issue of Contributory Negligence. The Court finds that Defendant did not meet its burden of proof in (sic) the issue of Contributory Negligence and that the issue of Contributory Negligence of the Plaintiff should not have gone to the jury.

The verdict form in this case was a general verdict for the Defendant. The Court has no way of knowing whether that means the jury found that the Defendant was not negligent, found that the Plaintiff was not injured or found that the Plaintiff was contributorily negligent. Therefore, the appropriate remedy in granting Plaintiff's Motion to Correct Errors is to grant a new trial in this cause.

The Court now orders that Plaintiff's Motion to Correct Errors be granted and that this cause be set for a new trial.

able care does not require the preferred driver to be constantly aware of actions of nonpreferred drivers in plain view. *Anderson v. Pre–Fab Transit Co., Inc.* (1980), Ind.App., 409 N.E.2d 1157, 1164. A motorist is not required to anticipate extraordinary hazards nor to constantly expect or search for unusual dangers. *Brock, supra,* at 1091, citing, *Opple v. Ray* (1935), 208 Ind. 450, 195 N.E. 81.

■ ■ Here, the trial court correctly granted a new trial because Berg cites no authority and this court is aware of none which would have placed a duty on Glinos to anticipate Berg pulling his vehicle onto 650 in front of his truck. Further, uncontroverted evidence supports the trial court's decision Glinos was not contributorily negligent because (1) Glinos did not exceed the speed limit, (2) his vehicle was in excellent condition, (3) he decelerated by removing his foot from the accelerator immediately before the collision, thereby reducing his speed, and (4) he swerved in an attempt to avoid the collision. If we were to adopt Berg's conclusion Glinos should have braked rather than taken his foot off the accelerator peddle to decelerate we would be reweighing the evidence. This we cannot do.

Berg next contends the trial court incorrectly granted the motion to correct errors because the jury could have found Glinos had a duty to yield once Berg entered the intersection, citing I.C. 9–4–1–83(a) & (b).[2] The contributory negligence instruction did not influence the jury's decision since there were alternative grounds for reaching its verdict, he claims. We disagree.

■ It must be assumed an erroneous instruction has influenced the jury's verdict unless it appears from the evidence or the record the verdict under proper instruction could not have been different. See *P.M. Gas & Wash Co., Inc. v. Smith* (1978), 178 Ind.App. 457, 383 N.E.2d 357, 360; see also *Cross v. City of Gary* (1983), Ind.App., 456 N.E.2d 728, 731 (court held the trial court's grant of a new trial was not an abuse of discretion because the instructions did not specifically set forth the law which applied to the particular fact situation at issue). Further, the jury could have alternatively found Berg was not the proximate cause of the accident or he used ordinary care.

We must assume the jury's verdict would have been different had the trial court not instructed the jury regarding contributory negligence. Accordingly, granting a new trial was proper.

Glinos contends the trial court should have entered judgment in his favor, rather than granting a new trial. We disagree.

■ ■ If the trial court determines the verdict is against the weight of the evidence, it shall grant a new trial. *Stanley v. Kelley* (1981), Ind.App., 417 N.E.2d 1145, 1147; Ind. Rules of Procedure, T.R. 59(J)(7). In contrast, a judgment is ordinarily entered only when the trial court determines the verdict is clearly erroneous as contrary to law or not supported by the evidence. *Id.*

■ ■ The standard of review for an order granting a new trial is the "13th" juror standard. *Memorial Hospital, supra,* 300 N.E.2d at 54. This means after weighing the conflicting evidence the trial court should grant a new trial if it believes a contrary result should have been reached by reasonable persons. *Id.; Bailey v. Kain,* (1963), 135 Ind.App. 657, 192 N.E.2d

2. I.C. 9–4–1–83 at the time of this action stated in pertinent part:

Sec. 83. (a) The driver of a vehicle shall stop as required by this act at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one (1) or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop if necessary at the entrance to a through highway so closely as to constitute an immediate hazard, but may then proceed.

486. If judgment is entered the standard of review is the clearly erroneous standard. *Huff, supra,* 363 N.E.2d at 990. A verdict is clearly erroneous if there is no reasonable evidence, or inference arising therefrom, to support an essential element of the claim, i.e. the evidence must point unerringly to a conclusion not reached by the jury. *Id.* Under this standard, the trial court may not weigh the evidence and must view it in the light most favorable to the nonmoving party. *Id.* If there is relevant evidence supporting the claim, albeit conflicting, then the verdict is not clearly erroneous, and the trial court cannot enter judgment. *Id.*

Here, the evidence was conflicting as to whether Greg used ordinary care. Greg testified he could not see around the crops or weeds in the field, however, Glinos's testimony indicates he could see the Berg vehicle the entire time he was approaching the intersection. Accordingly, if Glinos could see the Berg vehicle, the trial court could have determined Berg could see Glinos's truck. Under these circumstances our deferential standard of review requires us to affirm the trial court's judgment.

Affirmed.

CHEZEM and ROBERTSON, JJ., concur.