STATE of Indiana and Indiana Department of Highways, Appellants (Defendants Below),

v.

Karin D. McKENZIE, Individually, and as Personal Representative of the Estate of Brian C. McKenzie, Deceased, Appellee (Plaintiff Below).

No. 92A03–9007–CV–0296.

Court of Appeals of Indiana, Third District.

Aug. 13, 1991.

Rehearing Denied Oct. 22, 1991.

Linley E. Pearson, Atty. Gen., G. Richard Potter, Angela L. Cheser, Deputy Attys. Gen., Indianapolis, for appellants.

John F. Lyons, John M. Clifton, Jr., Kevin K. Fitzharris, Barrett & McNagny, Fort Wayne, for appellee.

STATON, Judge.

The State of Indiana, Department of Highways appeals the grant of a new trial. Although the parties couch the dispute in a number of issues, these may be consolidated to the following two:

I.   Whether the trial court erred in granting a new trial after the jury returned a verdict for the plaintiff in the amount of $50,000.

II.  Whether the trial court should have limited its grant of a new trial to the issue of damages.

We affirm.

On February 22, 1988, Brian C. McKenzie was following a snow plow heading east on S.R. 120 in LaGrange County, Indiana when a westbound semi-tractor trailer passed the snow plow, entered McKenzie's lane, and collided with his vehicle. McKenzie died as a result of injuries sustained in the accident.

McKenzie's estate and his widow, Karin (collectively, "Estate"), filed this wrongful

death action, naming the driver of the truck, the trucking company, and the State of Indiana, Department of Highways as defendants. The Estate settled with the driver and the company for $700,000 and the cause went·to trial against the State. The jury returned a verdict for the plaintiff in the amount of $50,000, which was set-off against the $700,000 settlement amount, and the trial court adjudged that the plaintiff take nothing by way of her complaint.

The Estate filed a motion to correct error, which was granted by the trial court. Pursuant to that motion, the trial judge ordered that a new trial be held. The State appeals.

## I.

### New Trial

■ When faced with a motion for new trial, the trial judge sits as a thirteenth juror and may order a new trial if he determines that the jury's verdict is against the weight of the evidence. *Berg v. Glinos* (1989), Ind.App., 538 N.E.2d 979, 981. It is the trial judge's function to weigh the evidence and judge the credibility of the witnesses. *Id.*

■ Upon review of a trial court's grant of a new trial, our sole duty is to examine the record to see if:

(1) The trial court abused its discretion;

(2) A flagrant injustice has been done to the appellant; or

(3) A very strong case for relief from the trial court's order of a new trial has been

made by the appellant. *Memorial Hospital of South Bend, Inc. v. Scott* (1973), 261 Ind. 27, 300 N.E.2d 50, 54. In applying this standard, the trial court's grant of a new trial is given a strong presumption of correctness. *Id.* 300 N.E.2d at 53.

■ The State first argues that the trial court erred in failing to adequately set forth findings of fact which supported the jury finding as required by Trial Rule 59(J)(7).[1] The procedural requirements outlined in Trial Rule 59(J)(7) have been characterized as "paramount," and the process of entry of the requisite findings as "arduous and time-consuming." *Nissen Trampoline v. Terre Haute First Nat. Bank* (1977), 265 Ind. 457, 358 N.E.2d 974, 978. The purpose of the requirements is to provide the parties and the reviewing court with the theory of the trial court's decision. *In re Marriage of Huth* (1982), Ind.App., 437 N.E.2d 1042, 1047. Thus, the findings may summarize the evidence, so long as the summary is complete enough to facilitate appellate review. *Brown v. Conrad* (1988), Ind.App., 531 N.E.2d 1190, 1193, *transfer denied; Bossard v. McCue* (1981), Ind.App., 425 N.E.2d 682, 684, *transfer denied.*

Much of the evidence regarding damages was stipulated to or not controverted. This evidence was set out at length by the trial court, with citations to the exhibits, witnesses and stipulations which were the sources of the information. The court also entered the following findings:

---

1. Indiana Rule of Procedure, Trial Rule 59(J)(7) provides: In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only

to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court·shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

(h) George V. Launey, Ph.D., testified that the economic losses including wages sustained by Karin D. McKenzie by reason of the demise of Brian C. McKenzie were, calculated at present value, between $1,305,436.00 and $1,731,538.00 (Exhibits 72–76 inclusive).

\*    \*    \*    \*    \*

(k) The elements of loss of love, care and affection sustained by Karin D. McKenzie were amply disclosed by the testimony of Karin D. McKenzie.

(1) Defendant, in closing argument by its counsel, conceded that plaintiff, Karin D. McKenzie, had truly been damaged.

4.   The Court finds the evidence relating to damages presented upon behalf of plaintiff was the sole evidence of damages in the trial and was not impeached by cross-examination, and was credible.

\*    \*    \*    \*    \*

6.   The Court finds that defendant, except through cross-examination of George V. Launey, Ph.D., did not submit any evidence concerning damages. The cross-examination of George V. Launey, Ph.D., did not impeach his testimony which the Court finds to be credible and worthy of belief.

Record, pp. 12–13.

The State selectively sets out portions of the cross-examination testimony elicited from Professor Launey, arguing that the trial judge failed to set out those portions of the cross-examination in his findings. Clearly, however, the judge has indicated that all of the evidence relating to damages presented by the State was introduced through cross-examination of Professor Launey. This statement is sufficient to allow us to locate the testimony in the record which supported the verdict.[2] In addition, it satisfies us that the trial judge considered this evidence in deciding whether to grant a new trial. As the trial judge's findings were adequate to permit appellate review, we conclude that they were sufficient to comply with the requirements of Trial Rule 59(J)(7).

■   The State next argues that the trial judge abused his discretion in granting a new trial. It cites the case of *Sanders v. Cole Municipal Finance* (1986), Ind.App., 489 N.E.2d 117, *transfer denied.* In *Sanders,* the plaintiffs appealed the trial court's denial of a motion for new trial after the jury returned a verdict for $320,000.00, where the plaintiff's expert gave his opinion that the economic damages totalled over $860,000. We affirmed, noting the strong presumption of correctness afforded the trial court's decision to grant or deny a new trial. We also stated that "[e]ach case must rest on its own merits since, although there can be similarities with other cases, the facts and circumstances will be peculiar to each case." *Id.* at 123.

Although it is true, as we stated in *Sanders,* that the jury is free to accept or reject the opinion testimony of an expert, even to the point of supplanting its conclusion for that of the expert, the expert testimony was not the only evidence relating to damages which was placed before the jury in this case. The uncontroverted evidence established that the decedent was a twenty-five-year-old self-employed college graduate with a stipulated life expectancy at the time of his death of over forty-five years. He was in good health at the time of his death. As a cooperative venture with his father, he profitably farmed over one thousand acres of land. In addition, he was a sales agent for a seed company, with demonstrated success. He was survived by his wife who, it was conceded by defense counsel in closing argument, suffered damages as a result of her husband's death. Finally, funeral and related bills were shown to be $5,728.00 and stipulated to be reasonable.

The jury awarded the Estate $50,000. Subtracting funeral expenses, that figure comes to less than $1000 for each year of the decedent's expected life. Even as a present value figure, the trial court may

---

**2.**   The trial court's order here is clearly distinguishable from that in *State v. White* (1985), Ind., 474 N.E.2d 995, where the trial court recited no evidence, either supporting or opposing the verdict, in support of its grant of a new trial.

well have concluded that such a verdict was against the great weight of the evidence. Considering the above undisputed evidence, and mindful of the strong presumption in favor of the trial court's determination on a motion for new trial, we conclude that the trial court did not abuse its discretion.

■ The State finally argues that the trial court erred in its finding of prejudice, passion, or some improper motive in the jury's verdict. The trial court concluded its order as follows:

> 5. The Court finds that liability having been determined in favor of plaintiff and against defendant by the jury, the verdict awarding plaintiff the sum of only $50,000.00 is clearly against the weight of the evidence on damages and in effect contrary to all evidence submitted on damages in this cause.
>
> *     *     *     *     *
>
> 8. The Court finds that the verdict of the jury on the issue of damages is so clearly contrary to the evidence that same cannot be permitted to stand.
>
> 9. The court further finds that the verdict of the jury, on the issue of damages, must be the product of prejudice, passion or some improper motive.

Record, p. 14. In support of its argument, the State cites numerous cases where Indiana courts have shown deference to jury verdicts upon a claim of excessive or inadequate damages. However, the State fails to recognize that a direct appeal from an adverse jury verdict contemplates a quite different standard of review from a challenge to a grant of a new trial. *See Pepsi Cola Bottling Co. v. Polk* (1981), Ind.App., 424 N.E.2d 1038, *reh'g denied* (outlining the differences between standards of review). Consequently, those cases are of little use in resolving this issue.[3]

The Estate correctly points out that the trial judge's finding in paragraph 9 of its order was unnecessary to his determination, as paragraphs 5 and 8 of the order

---

**3.** The dissent cites *Oliver v. Morrison* (1982), Ind.App., 431 N.E.2d 140, *transfer denied* for the proposition that "the standard a trial court is to apply in ruling on a motion to correct error alleging excessive or inadequate damages is whether the verdict was a product of prejudice, passion, or some improper motive." While we have no argument with this principle, we need only point out that although the motion to correct errors alleged several bases, one of which was excessive or inadequate damages, the basis which the trial judge considered and ultimately granted was a new trial, not a remittitur or an additur. As such, the proper standard to be employed by the trial court is the determination whether in the minds of reasonable men a contrary verdict should have been reached. *Scott, supra.* This involves the determination whether the verdict is against the weight of the evidence, and requires the trial court to weigh conflicting evidence. T.R. 59(J)(7); *Scott, supra.* To hold otherwise would impair the "thirteenth juror" principle.

The dissent also cites a number of cases purporting to stand for the principle that when the evidence on damages is variable and conflicting and the jury's award is within the range of the evidence, entry of judgment modifying the jury's award is an invasion of the province of the jury. *Smith v. Syd's Inc.* (1991), Ind.App., 570 N.E.2d 126. Again, while we do not quarrel with this rule, in this case the trial judge did not enter a judgment modifying the jury award, it granted a new trial.

Finally, the dissent cites two cases, also cited by the appellant, which upheld awards of minimal damages in wrongful death actions. In both of these cases, the disposition at the trial court level, and consequently the appellate standard of review, differed from the present case. *Burnett v. State* (1984), Ind., 467 N.E.2d 664 (appeal from judgment for the appellant/plaintiff, alleging as error inadequate damages); *Henschen v. New York Cent. R. Co.* (1945), 223 Ind. 393, 60 N.E.2d 738 *reh'g denied* (appeal from judgment for the appellant/plaintiff, alleging as error the *denial* of a motion for new trial due to inadequate damages).

A trial court's grant of a new trial carries a strong presumption of correctness. *Scott, supra.* The purpose for this deferential standard of review is clear—the trial judge acts as a thirteenth juror and may order a new trial if he determines that the verdict is against the weight of the evidence. *Berg, supra.* The trial judge weighs the evidence and assesses the credibility of the witnesses. *Id.* As an appellate tribunal, we do not have that prerogative. Our view of the evidence and review of the testimony of the witnesses is removed another step from the fact-finding process—we generally must rely on the written word, devoid of that panoply of nonverbal signals which play such a large part of human communication. For this reason, strict adherence to the appellate standard of review is crucial to an ordered system of jurisprudence.

evidence his finding that the verdict was contrary to and against the weight of the evidence. Trial Rule 59 does not require that the trial judge make a finding that the verdict was a product of prejudice, passion, or improper motive. *Polk, supra.* The mere fact that the trial judge did make that finding does not mandate reversal.

## II.

### *Scope of New Trial*

■ The Estate argues that the new trial should be limited to the issue of damages. Trial Rule 59(J)(7) provides that "if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair." We stated in *State v. Tabler* (1978), 178 Ind.App. 31, 381 N.E.2d 502, 506, *transfer denied* 272 Ind. 32, 395 N.E.2d 787, that a new trial limited to damages because of an award of inadequate damages is proper only when it is clear that the verdict on liability is not the product of compromise. In this case, comparative fault was inapplicable[4] and the trucking company had been dismissed from the case due to settlement. In its motion to correct errors and accompanying brief, the Estate argued in the alternative for various forms of relief, including a new trial limited to damages. The trial judge chose instead to grant a new trial on all issues. The trial judge may well have opined that the verdict was the result of a compromise, either because the jury found the trucking company primarily liable or contributory negligence on the part of the decedent. We cannot conclude that he abused his discretion in granting a new trial on all issues.

Affirmed.

SULLIVAN, J., concurs.

HOFFMAN, J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. As the majority notes, in order to reverse a trial court's grant of a new trial, this Court must find that the trial court abused its discretion, that a flagrant injustice has been done to the appellant, or that the appellant has made a very strong case for relief from the order of a new trial. *Oliver v. Morrison* (1982), Ind.App., 431 N.E.2d 140, 143. However, the majority then rules that the trial court's finding of prejudice in paragraph 9 of its order was unnecessary to its determination. As the *Oliver* court noted, the standard a trial court is to apply in ruling on a motion to correct error alleging excessive or inadequate damages is whether the verdict was a product of prejudice, passion, or some improper motive. *Id.* at 144. Consequently, the majority's ruling is erroneous.

As discussed above, the trial court did, in fact, make a finding of prejudice; however, the court did not support the finding with any facts from the record. A trial court cannot properly vary the jury's award and enter judgment for a different amount unless it finds, as a matter of law, that the damages awarded were excessive or inadequate. *Smith v. Syd's Inc.* (1991), Ind. App., 570 N.E.2d 126, 129. Where the evidence on damages is variable or conflicting, and the jury's award is within the range of the evidence, entry of judgment modifying the jury's award is an invasion of the jury's province and consequently erroneous. *Id.*

Here, the jury's award of $50,000.00 in damages was within the range of the evidence; therefore, any disturbance of the award would constitute an invasion of the jury's province. *Id.* Two Supreme Court cases similar to the instant case are *Burnett v. State* (1984), Ind., 467 N.E.2d 664, and *Henschen v. New York Cent. R. Co.* (1945), 223 Ind. 393, 60 N.E.2d 738. The *Burnett* court upheld an award of $6,000.00 in damages to a widow in a wrongful death action against the State even though the amount barely covered the actual monetary loss. In *Henschen,* the court upheld an award of $1,000.00 in damages in an action for the wrongful death of a 34–year–old man in good health who had been steadily employed and left surviving

**4.** IC 34–4–33–8 (1988).

him a wife and four minor children. Because the instant award was within the range of the evidence, I would reverse the trial court's grant of a new trial and remand with instructions to reinstate the original jury verdict.