**Kathy A. HUNTER, Appellant–Defendant,**

v.

**Patricia A. BYRD, Appellee–Plaintiff,**

and

**Donald L. Gilbert and Patricia A. Gilbert, Appellee–Defendants.**

No. 77A01–9205–CV–151.

Court of Appeals of Indiana, First District.

Nov. 19, 1992.

Transfer Denied Feb. 1, 1993.

line.

---

**3.** We note that often the distinction between "self-employed" and "unemployed" is a very fine

William W. Drummy, John Christopher Wall, Wilkinson, Goeller, Modesitt Wilkinson & Drummy, Terre Haute, for appellant-defendant.

William J. Maher, Terre Haute, for Patricia A. Byrd.

Mark D. Hassler, Frey, Hunt, Hassler & Lorenz, Terre Haute, for Donald A. and Patricia A. Gilbert.

BAKER, Judge.

Plaintiff-appellee Patricia A. Byrd brought a wrongful death action against defendant-appellant Kathy A. Hunter, and defendant-appellees Donald and Patricia Gilbert, for the death of her son, Eric. The jury found Hunter was 51% at fault for Eric's death, Eric 49% at fault, and the Gilberts 0% at fault, but it awarded Byrd zero dollars in damages. Byrd filed a motion to correct error alleging the damages were inadequate. The trial court granted her a new trial on the issues of liability and damages as to Hunter, and affirmed the jury's verdict as to the Gilberts. Hunter appeals the trial court's order and raises three issues for our review, which we restate as:

I. Whether Byrd waived any challenge to the jury's verdict when she failed to object to the verdict before the jury was dismissed.

II. Whether the trial court erred when it concluded the jury's award no damages was inadequate.

III. Whether the trial court erred when it ordered a new trial on liability and damages as to Hunter only.

Judgment affirmed.

## FACTS

Late in the afternoon on May 27, 1987, Eric was riding his bicycle south on 20th Place in West Terre Haute, Indiana, and Hunter was driving her car west on 22nd Avenue. The two collided where the two roads intersected; an intersection unprotected by either stop signs or yield signs. Eric was killed.

At trial, Hunter testified that she was traveling 25 to 30 miles per hour when she entered the intersection. A witness testified that before she entered the intersection, Hunter looked left but failed to look right, the direction from which Eric was traveling. The evidence is conflicting, however, as to Eric's speed and whether he looked in Hunter's direction before he rode into the intersection. Some witnesses said Eric was backpedaling and had slowed down to less than a walking speed before he entered the intersection, while other witnesses said he was pedaling very hard, traveling very fast, and failed to look or slow down before he steered into the path of Hunter's car. The evidence is also conflicting as to who actually entered the intersection first.

There was a large tree on the northeast corner of the intersection which grew entirely on the Gilberts' property. Byrd alleged the Gilberts negligently permitted the tree's foliage to hang low to the ground, thereby obstructing Hunter's view of Eric and Eric's view of Hunter. At trial, the jury found the Gilberts were not responsible for Eric's death.

The evidence of Byrd's financial loss was uncontested. Byrd incurred $4,873.66 in medical and hospital expenses, and $3,386.50 in funeral and burial expenses. Byrd also sought damages for the loss of love and companionship of her son. Al-

though the jury assessed Hunter 51% of the fault for Eric's death, it awarded Byrd nothing in damages. Byrd filed a motion to correct error, and the trial court granted the motion based on the inadequacy of the damages. The court ordered a new trial on the issues of liability and damages as to Hunter only. Hunter now appeals that order.

## DISCUSSION AND DECISION

### Standard of Review

When faced with a motion for a new trial, the trial judge sits as a thirteenth juror and may order a new trial if the jury's verdict is against the weight of the evidence. *State v. McKenzie* (1991), Ind.App., 576 N.E.2d 1258, 1260, *trans. denied.* The trial court's decision to grant a new trial carries a strong presumption of correctness. *Id.* at 1262 n. 3. When reviewing that decision, the appellate court's sole duty is to examine the record to determine whether:

(a) The trial court abused its judicial discretion;

(b) A flagrant injustice has been done the appellant; or

(c) A very strong case for relief from the trial court's ordering a new trial has been made by the appellant....

*Memorial Hospital v. Scott* (1973), 261 Ind. 27, 33, 300 N.E.2d 50, 54. To aid in our review, the trial court must make "special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted." Ind.Trial Rule 59(J)(7). The trial court made the necessary special findings in this case, so we will review the findings under the standard enunciated above.

### I

### Consistency of the Verdict

In her T.R. 59(A)(2) motion to correct error,[1] Byrd complained it was inconsistent

---

1. T.R. 59(A) provides, in relevant part:

(A) Motion to Correct Error—When Mandatory. A Motion to Correct Error is not a prereq-

uisite for appeal, except when a party seeks to address:

\* \* \* \* \* \*

(2) A claim that a jury verdict is excessive or inadequate.

to find Hunter 51% at fault for Eric's death but to find Byrd was not entitled to any damages when she offered undisputed evidence of medical and burial expenses. The trial court agreed and granted a new trial. Hunter now appeals the trial court's order, and argues Byrd waived any challenge to the consistency of the jury's verdict because she failed to object to the verdict before the jury was dismissed.

■ A jury's verdict is inconsistent when "the ultimate amounts awarded are inconsistent with [the jury's] determination of total damages and percentages of fault...." IND.CODE 34–4–33–9. This court has ruled that failure to object to an inconsistent or irregular verdict before the jury is dismissed may result in waiver. *See DDR Computer Service Bureau v. Davis* (1980), Ind.App., 411 N.E.2d 722, 727. Waiver is inapplicable in this case, however, because the verdict Byrd challenged was not inconsistent, it was inadequate. The jury determined Byrd was entitled to recover zero dollars in damages for Eric's death, and as a result, it awarded Byrd zero dollars even though it found Hunter was 51% at fault. A zero-dollar damage award is consistent with a determination of zero dollars in total damages. Byrd complained, however, that it was erroneous to award her zero dollars in damages after she offered undisputed evidence of several thousand dollars in damages, and she properly challenged the inadequate award in a T.R. 59(A)(2) motion to correct error. Hunter's waiver argument is without merit.

## II

### *Adequacy of the Damage Award*

■ Hunter also argues the trial court erred when it agreed the zero-dollar damage award was inadequate and ordered a new trial. Hunter contends the award was adequate if the jury found Hunter was negligent, but concluded her negligence was not a proximate cause of Byrd's losses. Hunter's argument is without merit, however, because the notion the jury found Hunter's negligence was not a proximate cause of Eric's death is inconsistent with the jury instructions and verdict forms.

The jury was instructed, in relevant part, as follows:

> COURT'S FINAL INSTRUCTION NO. 4:
>
> \* \* \* \* \* \*
>
> The term *"fault" refers to varieties of conduct that make a person responsible, in some degree, for an injury.* The type of fault at issue in this case is negligence. I will instruct you further concerning this type of fault.
>
> You shall determine the percentage of fault of the plaintiff's decedent and the defendants. These percentages must total one hundred percent (100%).
>
> \* \* \* \* \* \*
>
> If you find that the plaintiff's decedent's percentage of fault is fifty percent (50%) or less of the total, you then shall determine the total amount of damages the plaintiff would be entitled to recover without regard to fault.
>
> You shall then multiply that total amount of damages by the percentage of fault of the defendants and enter a verdict for the plaintiff in the amount of the product of that multiplication....

*Record* at 178 (emphasis added).

Furthermore, the jury completed Verdict Form Step III as follows:

> We, the jury, assess the percentage of fault or negligence contributing to the plaintiff's decedent's death, Eric A. Byrd, as follows:

Eric A. Byrd's Percentage of Fault, if any. (Fill in from 0% to 100%).     49%

Kathy S. Hunter's Percentage of Fault, if any. (Fill in from 0% to 100%).     51%

Donald L. Gilbert and Patricia A. Gilbert's Percentage of Fault, if any. (Fill in from 0% to 100%).     0%

Total = 100%

*Record* at 181.

The jury was unequivocally charged with deciding whose negligence contributed to Eric's death, not, as Hunter asserts, with deciding who was negligent. The jury concluded Hunter was 51% at fault. In light of this verdict and the evidence of Byrd's damages, the trial court properly concluded the zero-dollar damage award was inadequate.

## III

### New Trial

■ Finally, Hunter argues the trial court erred when it granted Byrd a new trial as to Hunter only. She contends the Gilberts should be subjected to a new trial, as well. We disagree.

In ruling on Byrd's motion to correct error, the trial court was guided by T.R. 59(J)(7), which provides, in relevant part:

> In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair.

The court granted Byrd's motion to correct error because it found the zero-dollar damage award was inadequate in light of the verdict that Hunter was 51% at fault and the evidence that Byrd suffered damage. The court concluded a new trial on both Hunter's liability and damages was required because the inadequate assessment of damages in the first trial was evidence the jury compromised on the issue of liability.[2] *See Adams v. McClevy* (1991), Ind.App., 582 N.E.2d 915, 920. The verdict does not suggest a similar compromise concerning the Gilberts' liability, however. The jury found the Gilberts were 0% at fault for the accident, a determination supported by the evidence. Regardless of Byrd's damages, therefore, the jury decided the Gilberts were not liable. Because the Gilberts were not affected by the inadequate verdict, the trial court properly affirmed the verdict as to the Gilberts and ordered a new trial as to Hunter only.[3]

The judgment is in all things affirmed.

RATLIFF, Senior Judge and ROBERTSON, J., concur.

---

2. We note no one argues the new trial should be limited to the issue of damages only. When liability has not been fairly decided, as is suggested in a compromise verdict, this court has recognized the unjustness of ordering a new trial limited to a determination of damages only. *Adams, supra,* at 920.

3. We note the issue may arise on retrial whether Hunter will be precluded from naming the Gilberts in a nonparty defense in the new trial. *See* IND.CODE 34–4–33–10. As defined by IND.

CODE 34–4–33–2(a), a "nonparty" is "a person who is, or may be, liable to the claimant in part or in whole...." Because principles of claim preclusion will prohibit Byrd from relitigating her claim against the Gilberts, *see Indiana Dept. of Envtl. Management v. Conard* (1992), Ind. App., 589 N.E.2d 1195, 1198, we conclude Hunter will also be precluded from raising the issue of the Gilberts' fault in a nonparty defense. *See Rauck v. Hawn* (1990), Ind.App., 564 N.E.2d 334, 338.